UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No.: 3:04-cr-206-J-20MCR

HUMBERTO GASPAR-ANTONIO,
et. al.,

_____/

ORDER

This cause comes before the Court on numerous pretrial motions. The United States filed a Motion to Reconsider Court's Order to Produce. (Doc. No. 548, filed June 24, 2005). Defendant Adrian Alexander filed a Motion for Severance on April 29, 2005. (Doc. No. 448). Similarly, Defendant Deangelo Merritt moved to sever count fifty-nine of the indictment (Doc. No. 453, filed April 28, 2005) and Defendant Ali filed a motion to sever (Doc. No. 526, filed June 16, 2005) as well as a Motion in Limine (Doc. No. 527, filed June 16, 2005). Defendant Bruce Mainor adopted both of Defendant Ali's motions. (Doc. No. 531, filed June 17, 2005). Defendant Merritt has also filed a Motion to Dismiss Count Fifty-Nine of the Indictment (Doc. No. 455, filed April 28, 2005) and a Motion to Dismiss Multiplicitous Indictment. (Doc. No. 457, filed April 28, 2005). The United States opposes both Motions. (Docs. Nos. 487 and 488, both filed May 19, 2005). Finally, after the issue was discussed before the Court, Defendant Alexander filed a Motion for disclosure of Evidence as to Whether the Government, in

1

Applications for Any Warrants, Referred to Intercepted Communications as Having Come from Confidential, Reliable Sources (Doc. No. 615, filed July 27, 2005).

As an initial matter, and as stated in open court on Wednesday July 27, 2005, Defendant Alexander's Motion for disclosure of Evidence as to Whether the Government, in Applications for Any Warrants, Referred to Intercepted Communications as Having Come from Confidential, Reliable Sources (Doc. No. 615) is **GRANTED**. The Government is required to disclose to all Defendants whether and when it relied on paragraph eleven (11) in any of the warrants issued pursuant to this case or in prior investigations.

Second, the Government asks this Court to reconsider Magistrate Judge Richardson's Order granting Defendant Alexander's Motion for Production of Evidence. (Doc. No. 548). In the Order (Doc. No. 541), Judge Richardson required the United States to "produce all discovery establishing law enforcement regularly met with state court during the interception at issue." Production of such evidence is integral to Defendant's case and not overly burdensome on the Government. This ruling was not clearly erroneous or contrary to law[1] and the United States' Motion to Reconsider (Doc. No. 548) is **DENIED**.

Third, Defendants Alexander, Ali, and Merritt make similar arguments in their respective motions to sever. They all argue that certain counts of the indictment or their entire case should be severed from this joint conspiracy case because certain evidence that will undoubtedly be introduced will unduly prejudice them and lead to an unfair trial and verdict. As explained in detail below, all of Defendants' motions to sever must fail.

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A) "a judge may reconsider any pretrial matter...(A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

In order to overcome the presumption that jointly indicted defendants be tried together and thus, sever a defendant from the joint prosecution, a defendant must put forth evidence of actual, compelling prejudice to his case because of joinder. United States v. Condon, 132 F.3d 653, 658 (11th Cir. 1998); United States v. Gonzales, 940 F.2d 1413, 1428 (11th Cir. 1991). When determining whether a defendant might suffer actual prejudice from denial of his motion to sever, courts look to whether co-defendants' defenses or evidence conflict with that of the moving defendant, whether a jury could reasonably construct a sequence of events that accommodates the essence of both defendants' defenses, the complexity of the indictment's charges and the evidence submitted by different defendants, and whether the trial judge could ameliorate any prejudice with limiting instructions. United States v. Blankenship, 382 F.3d 1110, 1123-26 (11th Cir. 2004); United States v. Russell, 703 F.2d 1243, 1247-48 (11th Cir. 1983). Ultimately, in determining whether to sever a defendant from a joint prosecution, a court must balance defendants' allegations of prejudice against the interests of judicial economy and the concomitant policy favoring joint trials in conspiracy cases. United States v. Abbell, 926 F. Supp. 1545, 1550 (S.D. Fla. 1996).

In the present case, none of the moving Defendants has convinced the Court that actual prejudice will result from this joint prosecution. Defendants Alexander, Ali, and Mainor argue that they should be severed from this joint conspiracy case and tried individually because other co-defendants are charged in the indictment with acts of violence of which Defendants Alexander, Ali, and Mainor are not accused. Defendants contend that the mere mention that other co-defendants are accused of violent crimes, specifically certain drug-related shootings and murders, would unduly prejudice them by raising "too serious a risk that the jury will convict

3

[defendants] of some or all of [their] charges merely because [they are] tried under the same Indictment together with the alleged perpetrators of violence." Doc. No. 448 at p. 2. Defendant Merritt additionally makes the vague allegation that a jury would be prejudiced by evidence of his prior felony conviction that is similar to some of the charges he presently faces. The Court disagrees on all bases.

All of the Defendants are charged with conspiracy to distribute cocaine and cocaine base. The individual substantive charges in the superceding indictment (Doc. No. 367) constitute evidence of the alleged conspiracy and/or overt acts committed in furtherance of the alleged conspiracy. Although not every defendant is included in every single charge or implicated in every single overt act, joinder of the co-defendants for the larger conspiracy is proper and in the interest of judicial efficiency. Moreover, any prejudice generated by a joint trial does not overcome the "strong presumption...that jurors are able to compartmentalize evidence by respecting limit instructions specifying the defendants against whom the evidence may be considered." Blankenship, 382 F.3d at 1123. As the proof required in this case is not extremely complex or confusing and there is no proffered evidence of contradictory or inconsistent defenses, a limiting instruction can ensure that jurors apply evidence of specific crimes to only those defendants charged with such crimes. See Condon, 132 F.3d at 658 (even when moving defendant implicated as culpable party during co-defendant's closing argument, limiting instructions sufficient to protect against prejudice in joint trial); United States v. Jacoby, 955 F.2d 1527, 1542-43 (11th Cir. 1992) (refusal to sever defendants in prosecution charging single conspiracy and various substantive offenses that were interrelated aspects of scheme was not error where evidence was presented against moving defendant and he received limiting

instruction that jury was not to consider certain evidence against him); United States v. Laca, 499 F.2d 922, 926-27 (5th Cir. 1974) (refusal to sever case of defendant who was charged with drug offenses from cases against co-defendants who were additionally charged with gun violations, on ground of prejudicial joinder, was within trial court's discretion where proof was short and not complex, there was no disparity in the gravity of offenses and instructions sufficiently separated offenses and defendants so that intelligent verdict could be rendered).

As to Defendant Alexander's additional argument in favor of severance, he contends that his charges fit in three distinct subsets and asks the Court to sever these subsets to make three separate cases. Besides the incredible impracticality of this argument, the Court finds all of the charges against Defendant Alexander to be adequately related, properly joined, and unlikely to cause prejudice to his case. Finally, but in a similar vein, Defendant Merritt put forth absolutely no evidence of any potential prejudice to his case because of joinder, much less enough to overcome the presumption in favor of joinder in conspiracy cases. See Abbell, 926 F. Supp. at 1549-50 (presumption of joinder is "particularly true in conspiracy cases, where charges against multiple defendants may be proven with substantially the same evidence."). The interests in judicial economy weigh heavily in favor of joinder of all counts and all defendants in this case and the Motions of Defendants Alexander, Ali, Mainor, and Merritt to sever (Docs. Nos. 448, 453, 547) are **DENIED**.

In his Motion in Limine, Defendant Ali seeks to obtain a similar result as with his Motion to sever, but under a different moniker. In this Motion (Doc. No. 527), which has been adopted by Defendant Mainor, Defendant Ali asks the Court to order the Government to "refrain from alluding to and eliciting testimony regarding, and to instruct all witnesses to refrain from

5

alluding to or testifying about, certain acts of violence not involving the Defendant." (Doc. No. 527 at p. 1). As all Defendants are being tried together concerning a large scale conspiracy, such a prohibition would completely inhibit the purpose of a criminal prosecution - to search for the truth. A limiting instruction will sufficiently protect Defendants Ali and Mainor from any prejudice arising from the introduction of such evidence. Thus, Defendant Ali's Motion in Limine (Doc. No. 527) and adopted by Defendant Mainor is **DENIED**.

Finally, Defendant Merritt moved to dismiss count Fifty-Nine (59) of the Indictment and to require the United States to choose between counts Fifty-One (51) and Sixty-Three (63) as Defendant Merritt alleges that they are duplicitous. These arguments utterly lack merit and do not deserve discussion. For the reasons stated in the United States' Responses (Docs. Nos. 487 and 488), Defendant Merritt's Motions (Docs. Nos. 455, 457) are **DENIED**.

Consequently, it is hereby **ORDERED AND ADJUDGED**:

1. The United States Motion for Reconsideration (Doc. No. 548) is **DENIED**.

2. Defendant Alexander's Motion for Disclosure of Evidence (Doc. No. 615) is **GRANTED**.

3. Defendant Alexander's Motion for Severance (Doc. No. 448) is **DENIED**.

4. Defendant Merritt's Motions to Dismiss and to Sever (Docs. Nos. 453, 455, 457) are **DENIED**.

5. Defendant Ali's Motion to Sever and adopted by Defendant Mainor (Doc. No. 526) is **DENIED**.

6. Defendant Ali's Motion in Limine and adopted by Defendant Mainor (Doc. No. 527)

is **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this 8th day of August, 2005.

HARVEY E. SCHLESINGER
United States District Judge

Copies to:
O. David Barksdale, Esq.
William E. Folsom, Esq.
Gerald Scott Bettman, Esq.
Clyde M. Collins, Jr., Esq.
Thomas George Fallis, Esq.
Charlie Lee Adams, Esq.
Quentin Till, Esq.
Robert Calvin Rivers, Esq,
Daniel A. Smith, Esq.
William Charles Fletcher, Esq.
Michael W. Johnson, Esq.
David Gerhardt Mengers, Esq.
D.J. Pashayan, AUSA

7